## EXCHANGE NAT. BANK v. WOODARD.
### No. 5486.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

Goff & Goff, of Arcadia, for appellant.

Robert H. Wimberly, of Arcadia, for appellee.

DREW, Judge.

Plaintiff instituted this suit on a promissory note in the amount of $1,039.86, with 8 per cent. interest per annum thereon from October 15, 1926, until paid, and 10 per cent. on said amount as attorney's fees. It further alleged that defendant, in order to secure prompt payment of said obligation, pledged and delivered to the payee of said note a note for $1,365.87, dated June 10, 1925, and secured by a mortgage on certain described real estate in Bienville parish, La.; and that the mortgage contained a waiver of the homestead.

It further alleged the principal obligation is prescribed on its face but prescription has been interrupted and suspended by defendant by permitting the pledged note and mortgage securing same to be and remain pledged and held as collateral security against said note by petitioner, and that said act interrupted and suspended prescription to the date of filing of this suit.

It prayed for judgment on the principal obligation and that its pledge be recognized on the collateral note and enforced against the real estate described in the mortgage, and that the homestead waiver in said mortgage be recognized and enforced.

It further prayed that the land described in the said mortgage be sold and the proceeds thereof applied to the payment of the principal obligation.

Defendant denied each and every allegation of plaintiff's petition. He also pleaded the prescription of five and ten years, Civ.Code, arts. 3540, 3544, in bar of plaintiff's demands.

The lower court rendered judgment for plaintiff on the principal obligation, as prayed for, and sustained the plea of prescription as to the note and mortgage alleged to have been pledged to secure the principal obligation. The judgment was signed February 26, 1937. Plaintiff appealed from this judgment and defendant has answered the appeal alleging that on June 24, 1937, he was adjudicated a bankrupt and for that reason no personal judgment can be rendered against him on any indebtedness that might have been declared due and owing by him prior to June 24, 1937. He prays that no personal judgment be rendered against him; that the plea of prescription sustained by the trial court be affirmed, and plaintiff's appeal dismissed.

The Bankruptcy Act, section 67f, as amended, 11 U.S.C.A. § 107(f), makes it clear that any personal judgment rendered against one within four months' time before the judgment debtor was adjudged a bankrupt is null and void. The evidence in the record does not disclose the fact of defendant's adjudication as a bankrupt. However, under the showing made, defendant should have an opportunity to show the true facts as to the bankruptcy proceedings; a matter which could not have been shown on the trial below for the reason that defendant had not been so adjudicated at that time.

This case cannot be finally determined until such evidence is before the court. We will, therefore, not pass on the other issues at this time.

It is ordered, adjudged, and decreed that the judgment of the lower court be

set aside and the case remanded to be proceeded with in accordance with the views expressed herein; costs of appeal to be paid by appellee, and all other costs to abide the final determination of the case.